IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONNIE AUSTIN, DL.5915, ) | |
|     Petitioner, ) | |
| ) | |
|     v. ) | 2:09-cv-1111 |
| ) | |
| GEROLD ROZUM, et al., ) | |
|     Respondents. ) | |

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the petition of Ronnie Austin for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II. Report:

Ronnie Austin, an inmate at the State Correctional Institution at Somerset has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis

Austin is presently serving a life sentence with a consecutive forty-four month to forty-four year sentence imposed following his conviction by a jury of criminal homicide, conspiracy to commit criminal homicide, retaliation against a witness or victim and conspiracy to commit retaliation against a witness or victim at Nos. 213 and 214 of 1997, in the Criminal Division of the Court of Common Pleas of Fayette County, Pennsylvania. This sentence was imposed on January 7, 1998.

A timely appeal was taken to the Superior Court which Court on March 23, 1999 affirmed the judgment of sentence and leave to appeal to the Pennsylvania Supreme Court was denied.[1]

A timely post-conviction petition was filed on June 6, 2000 and denied on August 14, 2000.[2] A appeal was taken to the Superior Court and on October 26, 2001, the latter court affirmed the denied of post-conviction relief.[3]

Another post-conviction petition was filed on October 23, 2007 and dismissed for lack of jurisdiction on November 20, 2007.[4] This dismissal was affirmed on January 8, 2009 and leave to appeal to the Pennsylvania Supreme Court was denied on June 23, 2009.[5]

The instant petition was executed on August 12, 2009, and in it Austin contends he is entitled to relief on the following grounds:

> 1. Insufficient evidence/motion for acquittal. Commonwealth presented same evidence as the first trial
>
> 2. Motion for arrest of judgment/ lack of evidence. Commonwealth presented one possible caliber on forensic report and another caliber of gun during trial which is misleading. The Commonwealth also admits to having no evidence linking defendant to this crime.
>
> 3. Conflicting testimony. Commonwealth states it did not knowing[ly] use false testimony. However, during closing arguments the district attorney vouched for

---

[1] The chronology of events in this prosecution is gleaned from the Docket Sheet of the Court of Common Pleas of Fayette County, CP-26-CR-213-1997.

[2] Id.

[3] Id.

[4] Id.

[5] Id.

>his witnesses saying "yes the witnesses are liars but the['re] telling the truth today."
>
>4. Prosecutorial misconduct. Jury voir dire. Commonwealth reason for striking the only black juror were personal. The record also shows the Commonwealth [ac]cepting a juror who knew the victim. The record also shows the black juror saying she can follow the law. This was not a jury of my peers.[6]

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

>(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, the Pennsylvania Superior Court affirmed the direct appeal on March 23, 1999 and leave to appeal was denied by the Pennsylvania Supreme Court.

The petitioner then timely sought post-conviction relief and the denial of that relief was affirmed on October 26, 2001. The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here.

---

[6] See: Petition at ¶12.

Almost six years passed before the petitioner sought untimely post-conviction relief on October 23, 2007. The denial of that relief became final on June 23, 2009. However, that petitioner was not a "properly filed" petition since under Pennsylvania law, a timely filing must be made within one year of the date on which the conviction becomes final.[7] The instant petition was executed on August 12, 2009. Thus, the time period between the denial of the original post-conviction petition and the filing here is over seven and a half years, or far in excess of the one year period in which to seek relief has expired, and the petition here is time barred.

Additionally, it should also be noted that there was no impediment created by state law which prevented the petitioner from raising the issues which he seeks to raise here; the grounds which the petitioner alleges in support of the instant petition are not "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" and there is no factual basis for alleging a newly discovered claim. Thus, the instant petition is time barred.

Accordingly, it is recommended that the petition of Ronnie Austin be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

Within the time limits set forth in the attached notice of electronic filing, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

s/Robert C. Mitchell,
Entered: September 15, 2009           United States Magistrate Judge

---

[7] 42 Pa.C.S.A. 9545